UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00319 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOSHUA BAKER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* letter motion seeking compassionate release filed by Defendant Joshua Baker ("Baker"). See Record Document 42. Baker seeks compassionate release due to generalized fears relating to the COVID-19 pandemic, high blood pressure, high cholesterol, the sickle-cell trait, his race, and the need to care for his children and his grandmother. See id. The Government has opposed Baker's motion. See Record Document 46.

Baker has also requested appointed counsel to assist him in seeking compassionate release. See Record Document 42. On August 3, 2020, the Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Baker. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter.

On August 21, 2014, Baker pled guilty to transportation of a minor in interstate commerce with the intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). See Record Documents 28 & 30. Baker was sentenced on December 9, 2014 to 120 months imprisonment and 5 years supervised release upon release from

confinement. See Record Documents 37 & 38. He is presently serving his sentence at Oakdale I FCI. His projected release date is January 2, 2022.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Baker moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. Recently, the Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3.

Here, Baker filed a request for compassionate release with the Warden on July 9, 2020. See Record Document 46 at 2. The Warden denied the request on August 3, 2020. See id. The Government does not dispute exhaustion and the instant motion is properly before this Court. See id.

Subject to exhaustion and the considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) would permit a reduction in Baker's term of imprisonment if the Court

determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13. Application Note 1 of the U.S.S.G. § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

> (A)  Medical Condition of the Defendant. –
>
>> (i)  The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii)  The defendant is –
>>
>>> (I)  suffering from a serious physical or mental condition,
>>>
>>> (II)  suffering from a serious functional or cognitive impairment, or
>>>
>>> (III)  experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)  Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because

>of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>(C) Family Circumstances. –
>
>>(i) The death or incapacitation of the caregiver of the defendant's minor child or children.
>>
>>(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.
>
>(D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[1] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of

---

[1] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). Here, Baker raises generalized fears relating to the COVID-19 pandemic as a basis for compassionate release. He also maintains that his high blood pressure, high cholesterol, the sickle-cell trait, race, and the need to care for his children and his grandmother necessitate compassionate release.

Neither the policy statements nor the applicable BOP regulations provide any basis for compassionate release based on generalized health concerns relating to a second wave of COVID-19. See U.S. v. Koons, No. 16-214-05, 2020 WL 1940570, *5; see also U.S. v. Thompson, No. 20-40381, 2021 WL 37493, at *3 (5th Cir. Jan. 5, 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."). Baker has provided no medical documentation to support his asserted medical conditions of high blood pressure, high cholesterol, and sickle cell trait. Because he bears the burden of establishing an entitlement to sentence reduction, Rasasy's motion for compassionate release as to these medical conditions may be denied on this basis alone. See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020). Moreover, Baker has not demonstrated that any of these medical conditions substantially diminish his ability to provide self-care. Baker's race does not amount to an extraordinary or compelling reason justifying compassionate release. See U.S. v. Chambers, No. CR 18-47, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020); U.S. v. Winn, No. CR H-18-691-8, 2020 WL 3077854, at *2 (S.D. Tex. June 10, 2020); U.S. v. Brown, No. CR 13-243, 2020 WL 2542899, at *3 (E.D. La. May 19, 2020). Finally, Baker's grandmother is not a covered party under Section 1B1.13, Application Note 1(C). He has likewise not shown the death

or incapacitation of the caregiver of his minor children. His need to care for his grandmother and/or children does not qualify as an "extraordinary and compelling reason" for a reduction of sentence.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Baker's letter motion seeking compassionate release (Record Document 42) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of January, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT